657861-0923-2018
Mike Durel

Ordered by Atty.: KENNETH D. ST. PE

LAFPC.CV.56772429
cc_addomingue

# CITATION

TAMAR RENEE DOZIER

VS

GOAUTO INSURANCE COMPANY

FIFTEENTH JUDICIAL DISTRICT COURT

DOCKET NUMBER: C-20194941 I

PARISH OF LAFAYETTE, LOUISIANA

STATE OF LOUISIANA

TO: GOAUTO INSURANCE COMPANY
THROUGH IT AGENT FOR SERVICE:
MR. GREGORY W. TRAMONTIN
533 HIGHLANDIA DRIVE, SUITE A
BATON ROUGE, LA 70810

**SERVICE COPY** ✓

Penalties + Attorney Fees
Matthew Streeter

of the Parish of E BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the FIFTEENTH JUDICIAL DISTRICT COURT, in the Lafayette Parish Courthouse, LAFAYETTE, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this AUGUST 13, 2019.

Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:
PETITION FOR PROPERTY DAMAGES, PENALTIES, ATTORNEY'S FEES AND FOR CLASS CERTIFICATION AND REQUEST FOR NOTICE

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____
SERVED: _____
PERSONAL ( ) _____
DOMICILIARY ( ) ON _____
UNABLE TO LOCATE     MOVED ( )     NO SUCH ADDRESS ( )
OTHER REASON: _____
RECEIVED TOO LATE FOR SERVICE ( )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____     MILEAGE $_____     TOTAL $_____
DEPUTY _____



RECEIVED AUG 22 2019

SERVICE COPY

Exhibit A

| | |
|---|---|
| TAMAR RENEE DOZIER, Individually and on behalf of others similarly situated | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | LAFAYETTE PARISH, LOUISIANA |
| GOAUTO INSURANCE COMPANY | DOCKET NUMBER: 20194941 I |

### PETITION FOR PROPERTY DAMAGES, PENALTIES, ATTORNEY'S FEES AND FOR CLASS CERTIFICATION

The petition of TAMAR RENEE DOZIER, of lawful age and a resident of the Parish of Lafayette, State of Louisiana, individually and on behalf of others similarly situated, herein represented by undersigned counsel, represents that:

1.

Made defendant herein is the following, to-wit:

a) GOAUTO INSURANCE COMPANY, a insurance company licensed to do and is doing business in the Parish of Lafayette, State of Louisiana.

2.

Defendant is truly indebted to the Petitioner in an amount commensurate with the damages sustained for the following, to-wit:

### JURISDICTION AND VENUE

3.

Venue is proper in Lafayette Parish pursuant to the Louisiana Code of Civil Procedure. Petitioner is a resident of Lafayette Parish, the policy of insurance at issue was contracted in Lafayette Parish and the loss occurred in East Baton Rouge Parish.

4.

Named Petitioner and potential class members were Louisiana resident policyholders of GOAUTO INSURANCE COMPANY which is an insurance company authorized to do and doing business in Louisiana and which issues automobile insurance policies through its various entities to include Lafayette Parish, Louisiana.

5.

As hereinafter more fully appears, the defendant breached its contractual obligations under policies issued in the State of Louisiana.

6.

The issues raised herein arise out of defendant's contractual relations created and issued within the State of Louisiana.

Exhibit A

## BACKGROUND AND
## BASIS FOR CLAIMS

7.

On or about August 3, 2018, Petitioner, Tamar Renee Dozier's, vehicle, a 2013 Nissan Altima SL, was involved in an accident in the State of Louisiana.

8.

The Petitioner, Tamar Renee Dozier's, vehicle, a 2013 Nissan Altima SL, was severely damaged in this accident so that the estimates to repair the vehicle exceeded seventy-five percent of the value of the vehicle. Petitioner made a claim against the collision coverage of her automobile policy with Goauto Insurance Company.

9.

Goauto Insurance Company is an automobile insurer that writes policies in Louisiana, including the policy issued to Complainant. These policies provide that, in return for payment of a premium, Goauto Insurance Company will pay the actual cash value (ACV) of an insured vehicle when a total loss occurs.

10.

To determine ACV, Goauto Insurance Company employed the use of a valuation product marketed and sold to it by CCC Information Services, Inc., called the CCC One Market Valuation Report.

11.

The aforementioned CCC market valuation report is a product marketed exclusively to insurance companies like Goauto by CCC Information Services, Inc.

12.

Louisiana law requires insurers to use one of three methods to determine ACV for an insured's total loss vehicle as outlined in LSA-R.S. 22:1892.

13.

LSA-R.S. 22:1892B(5)(a) provides for the use of a fair market survey conducted using qualified retail automobile dealers in the local market, or the nearest reasonable market if there are no dealers in the local market.

14.

LSA-R.S. 22:1892B(5)(b) provides that the retail cost can be determined by a generally recognized used motor vehicle industry source; such as, an electronic database, if the valuation

documents generated by the database are provided to the first party claimant, or a guidebook that is available to the general public.

15.

LSA-R.S. 22:1892B(5)(c) provides for the use of a qualified expert appraiser selected and agreed upon by the insured and insurer.

16.

The relevant portion of the CCC One Market Valuation Report for Petitioner, Tamar Renee Dozier, is copied and inserted here:



17.

The CCC valuation report describes the "Base Vehicle Value" for Petitioner, Tamar Renee Dozier's 2013 Nissan Altima SL with 122k miles as $9,958.00.

Exhibit A

18.

From this $9,958.00 amount a "Condition Adjustment" is applied causing a deduction of $702.00 and giving an "Adjusted Vehicle Value" of $9,256.00 minus her deductible of $500.00 leaving a Total of $8,756.00.

19.

Many times the CCC valuation system applies a "Condition Adjustment," either positive or negative, by using comparable vehicles but without knowing or examining the condition of the comparables used, as here.

20.

The CCC Valuation system employs an algorithm to determine the adjustment amount for the comparables that is based on national data base(s) for vehicles and not local markets.

21.

NADA valuation report for Petitioner, Tamar Renee Dozier's, vehicle described its "Clean Retail" value as approximately $10,325.00 adjusted for mileage and options.

## BREACH OF CONTRACT AND BAD FAITH

22.

Petitioner represents that the CCC valuation report used by Goauto Insurance Company is unlawfully low in its evaluations of vehicle values and that Goauto Insurance Company is aware of this fact.

23.

Petitioner represents the CCC valuation report is used by Goauto Insurance Company to intentionally undervalue total loss vehicles through the use of obscure adjustments that systematically reduce values derived from comparables and does not comply with any of the methods required for valuation under LSA-R.S. 22:1892.

24.

Petitioner represents that, separate and apart from the CCC One Market Valuation Report, Goauto Insurance Company knew or should have known that other valuation systems, such as the NADA used car guide or Kelly Blue Book, are the generally accepted valuation tools. These are used by individuals selling their vehicles, automobile dealerships, and the like, so that as a practical matter, complainant's vehicle cannot be replaced for the lower amount tendered by

Goauto Insurance Company and moreover, the CCC valuation report valuation does not represent either the actual cash value of the vehicle or the fair market retail value of the vehicle, the replacement value or the cost to purchase a comparable motor vehicle.

25.

On information and belief, under the collision provisions of her insurance policy with Goauto Insurance Company was obligated to pay for the "loss" of her vehicle.

26.

The parties intended and Louisiana statutory law demands that the "loss" be considered the fair market retail value of the vehicles.

27.

Petitioner paid her premiums and submitted a claim to Goauto Insurance Company for the "loss" of her vehicle.

28.

Goauto Insurance Company paid only a portion of the "loss".

29.

Petitioner alleges that Goauto Insurance Company's refusal to pay the full amount of the "loss" under the terms and provisions of her insurance policy with Goauto Insurance Company, is a breach of the contract between Goauto Insurance Company and its insureds, including the Petitioner and those individuals similarly situated.

30.

On information and belief, Goauto Insurance Company has breached its contractual obligations to the Petitioner and other similarly situated, through its use of a vehicle valuation system which intentionally undervalues the "loss".

31.

Goauto Insurance Company owes Petitioner and others similarly situated, the fair market retail value of her vehicle as her "loss" and not the lower value determined by its valuation system and Goauto Insurance Company's refusal to pay the difference in value is arbitrary, capricious and without probable cause, violating the duty of good faith and fair dealing owed by Goauto to the Petitioner and others similarly situated.

32.

Goauto Insurance Company's use of the CCC valuation report and its refusal to accept or pay the actual cash value of the vehicle as determined by a method authorized by LSA-R.S. 22:1892, is a breach of the terms and conditions of its policy with the Petitioner and other similarly situated policy holders.

33.

On information and belief, Goauto Insurance Company employs the use of the CCC One Market Valuation Report knowing that it will undervalue the "loss" of its policyholders' vehicles and further, that Goauto knew this information at the time it entered into contract with the petitioner and others similarly situated.

## USE OF CCC VIOLATES LOUISIANA LAW

34.

The aforementioned is a violation of Goauto Insurance Company's affirmative duty to adjust claims fairly under the requirement of LSA-R.S. 22:1892 (formerly R.S. 22:658) and/or LSA-R.S. 22:1973 (formerly R.S. 22:1220) and it is therefore liable for penalties and attorney's fees.

35.

Goauto Insurance Company's use of the CCC valuation product caused Petitioner and others similarly situated to be paid less than she or they would have been had Goauto Insurance Company used a valuation method allowed by LSA-R.S. 22:1892.

36.

Goauto Insurance Company's use of the CCC One Market Valuation Report violates Louisiana law and specifically, LSA-R.S. 1892 (B)(5)(b) in that the CCC One Market Valuation Report is not a "generally recognized used motor vehicle industry source" but instead a tool employed for the specific purpose of undervaluing claims and thereby cheating its policy holders.

37.

Petitioner specifically alleges that the CCC One Market Valuation Report is not a "generally recognized used motor vehicle industry source" within the intendment of R.S. 22:1892 (B)(5)(b). CCC One Market Valuation Reports are not used by any person or entity in

the used vehicle industry. It is marketed exclusively to insurance companies with the intent of providing increased profits to its insurance company customers by undervaluing total loss vehicle claims.

38.

Petitioner further alleges that the CCC One Market Valuation Report is not a "fair market value survey" as authorized under LSA-R.S. 22:1892B(5)(a).

39.

Goauto Insurance Company's use of the CCC valuation system is bad faith within the intendment of LSA-R.S. 22:1973 and has caused Petitioner and others similarly situated, damages and entitles Petitioner and others similarly situated to penalties under that statute.

40.

Petitioner specifically alleges that Goauto Insurance Company has violated the statutorily imposed duty under LSA-R.S. 22:1973A which requires an insurer to adjust claims promptly and fairly and to make a reasonable effort to settle claims with its insured.

41.

Petitioner specifically alleges that Goauto Insurance Company has violated LSA-R.S. 22:1973(B)(5) in that more than 60 days have passed since she submitted satisfactory proof of loss to Goauto Insurance Company but to date, Goauto has not paid the full amount due under the terms of their insurance contract.

42.

On information and belief, Goauto Insurance Company employs a system which specifically misleads their insureds, intentionally undervalues their claims, and intentionally refuses to negotiate – all of which violates Louisiana law and the affirmative duty of good faith and fair dealing that Goauto Insurance Company owes its insureds.

43.

Petitioner alleges that to the extent that Goauto Insurance Company's insurance policy conflicts with Louisiana State Law it should be deemed amended to conform and comply with the law.

Exhibit A

## CLASS ACTION

44.

Petitioner prays that this matter be certified and maintained as a class action on behalf of all past and present Goauto Insurance Company policyholders who have made claims against their policy for the total loss of a vehicle and had those claims undervalued through the use of the CCC One Market Valuation Report system and/or other unfair valuation tools used by Goauto Insurance Company.

45.

Petitioner represents that the class consists of numerous policyholders who are located throughout the State of Louisiana and the United States, so that joinder of all members is impractical.

46.

Petitioner represents that the questions of law and fact are common to the class which include the following, to-wit:

i. Is CCC One Market Valuation Report a "generally recognized used motor vehicle industry source" or a "fair market value survey" required under Louisiana State Law?

ii. Does defendant's use of the CCC One Market Valuation Report system constitute bad faith and/or breach of contract?

47.

Petitioner represents that the claims and defenses of the representative parties is typical of the claims or defenses of the class.

48.

Petitioner represents that while the injury/damage may vary, the measure of injury is uniform i.e. the difference between the value determined under the CCC One Market Valuation Report system and the actual value as determined under a legal system via NADA, Kelley Blue Book or another generally recognized used motor vehicle industry source.

49.

Petitioner represents that the damages can be determined on a class wide basis by using some of the data relied upon by CCC One Market Valuation Report in its computations (i.e. year,

make, model and mileage of the vehicle) and using a legal source for the value of the vehicles such as NADA.

50.

Petitioner is a member of the class she seeks to represent, and her interests coincide with, and are not antagonistic to the other class members. Petitioner is a representative party and will fairly and adequately protect the interest of the class.

51.

Petitioner represents that the class is or may be defined objectively in the terms of ascertainable data such that the Court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

52.

Petitioner further represents that the prosecution of separate actions by or against individuals of the class would create a risk of inconsistent or varying adjudications with respect to individual members and would establish incompatible standards of conduct for the party opposing the class.

53.

Petitioner represents that the class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

54.

Petitioner prays for a trial by jury.

**DAMAGES**

55.

Defendant is liable to Petitioner individually and on behalf of others similarly situated for all damages including but not limited to:

    a)     The difference between the amount tendered by Goauto Insurance Company and the fair market value of the vehicle;

    b)     Penalties;

    c)     Attorney's fees;

WHEREFORE, Petitioner, TAMAR RENEE DOZIER, individually and on behalf of others similarly situated, prays that defendant, Goauto Insurance Company, be served with a certified copy of this complaint and be cited to appear and answer same, that after all legal delays

and due proceedings had, there be a trial by jury, judgment rendered herein in favor of Petitioner, Individually and on behalf of others similarly situated and against defendant for such damages as are reasonable in the premises, with legal interest from the date of judicial demand until paid, for all costs of these proceedings, for attorney's fees, and for all general and equitable relief allowed by law.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, APLC

KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 W. University Ave., Suite A
Lafayette, LA 70506
(337) 534-4043

THE MURRAY FIRM
STEPHEN B. MURRAY, SR. (Bar Roll No. 9858)
STEPHEN B. MURRAY, JR. (Bar Roll No. 23877)
ARTHUR M. MURRAY (Bar Roll No. 27694)
650 Poydras Street, Suite 2150
New Orleans, LA 70130
(504) 525-8100

LAW OFFICES OF KENNETH W. DEJEAN
Kenneth W. DeJean (Bar Roll #: 4817)
Post Office Box 4325
Lafayette, LA 70502-4325
(337) 235-5294

WHALEY LAW FIRM
JOHN RANDALL WHALEY (#25930)
BENJAMIN H. DAMPF (#32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Phone: 225-302-8810

PLEASE SERVE:

1) Goauto Insurance Company
Through it Agent for Service:
Mr. Gregory W. Tramontin
533 Highlandia Drive, Suite A
Baton Rouge, LA 70810

FILED THIS 12 DAY OF August, 2019
TRUE COPY ATTEST, LAFAYETTE, LA

Deputy Clerk of Court

Exhibit A

| | |
|---|---|
| TAMAR RENEE DOZIER, Individually and on behalf of others similarly situated | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | LAFAYETTE PARISH, LOUISIANA |
| GOAUTO INSURANCE COMPANY | DOCKET NUMBER: 2019494 I |

## REQUEST FOR NOTICE

TO: Hon. Louis J. Perret
Clerk of Court
Parish of Lafayette
P.O. Box 2009
Lafayette, LA 70502

NOW INTO COURT, through undersigned counsel, comes plaintiff, TAMAR RENEE DOZIER, Individually and on behalf of others similarly situated, who requests in accordance with La. R.S.-CCP Article 1572, that she be given written notice by mail ten (10) days in advance of the date fixed for trial, or of any hearing of the above captioned case, whether on Exceptions, Motions, Rules or the Merits. Plaintiff also requests immediate notice of all Orders or Judgments, whether interlocutory or final, made or rendered in this case upon rendition thereof as provided by La. R.S.-CCP Articles 1913 and 1914, including notice of Judgment in the event that this case be taken under advisement, or if the Judgment is not signed at the conclusion of the trial. I ask that you file this letter in the record of this matter along with these enclosed pleadings as formal notice of my above request.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, APLC

_____
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 W. University Avenue, Suite A
Lafayette, LA 70506
(337) 534-4043

THE MURRAY FIRM
STEPHEN B. MURRAY, SR. (Bar Roll No. 9858)
STEPHEN B. MURRAY, JR. (Bar Roll No. 23877)
ARTHUR M. MURRAY (Bar Roll No. 27694)
650 Poydras Street, Suite 2150
New Orleans, LA 70130
(504) 525-8100

FILED THIS 22 DAY OF August, 2019
TRUE COPY ATTEST, LAFAYETTE, LA

_____
Deputy Clerk of Court

LAW OFFICES OF KENNETH W. DEJEAN

Exhibit A

Kenneth W. DeJean (Bar Roll #: 4817)
Post Office Box 4325
Lafayette, LA 70502-4325
(337) 235-5294

WHALEY LAW FIRM
JOHN RANDALL WHALEY (#25930)
BENJAMIN H. DAMPF (#32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Phone: 225-302-8810

AUG 21 2019

Exhibit A