IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TAMAR RENEE DOZIER, Individually and on behalf of others similarly situated<br>Plaintiff<br><br>v.<br><br>GOAUTO INSURANCE COMPANY<br>Defendant | CASE NO. 6:19-cv-01223<br><br>JUDGE SUMMERHAYS<br><br>MAGISTRATE JUDGE HANNA |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE
MOTION TO STAY

## TABLE OF CONTENTS

FACTUAL BACKGROUD ................................................................................................... 1

LAW AND AGRUMENT ..................................................................................................... 4

    I.    Standard of Review on a Rule 12(b)(6) motion .............................................. 4

    II.    Because Plaintiff has already accepted and negotiated payment for her losses, her claims are barred by accord and satisfaction ............................................... 4

    III.    Alternatively, Plaintiff's claims should be dismissed or stayed as premature, because Plaintiff has not complied with the appraisal provision of the Policy ………………..7

CONCLUSION ..................................................................................................................... 10

854087v.1
1477073v.1

# TABLE OF AUTHORITIES

*Arender v. Gilbert*,
   343 So. 2d 1146 (La. App. 3 Cir. 1977) ...................................................................................6

*Ass'd Builders, Inc. v. Ala. Power Co.*,
   505 F.2d 97 (5th Cir. 1974) ......................................................................................................3

*Beasley v. GeoVera Specialty Ins. Co.*,
   No. 13-395, 2013 WL 3187289 (E.D. La. June 20, 2013).......................................................10

*Braudaway v. United Equitable Ins. Co.*,
   208 So. 2d 359 (La. App. 4 Cir. 1968) .....................................................................................5

*City of Laurel, Miss. v. ARGO GROUP US*,
   No. 08-185, 2009 WL 112220 (S.D. Miss. Jan. 14, 2009) .......................................................9

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ................................................................................................2, 3

*Dore v. Shelter Mut. Ins. Co.*,
   2013-0545 (La. App. 1 Cir. 11/1/13) ........................................................................................8

*Enger v. Allstate Ins. Co.*,
   407 Fed. App'x 191 (9th Cir. 2010) .........................................................................................9

*Girard v. Atl. Mut. Ins. Co.*,
   198 So. 2d 444 (La. App. 4 Cir. 1967) .....................................................................................9

*Hanchett v. Purdy*,
   No. 2:18-1310, 2018 WL 6626587 (W.D. La. Dec. 18, 2018) .................................................4

*Hilltop Bowl, Inc. v. U.S. Fid. & Guar. Co.*,
   259 F. Supp. 649 (W.D. La. 1966)............................................................................................8

*Lawrence v. Fid. Nat. Ins. Co.*,
   No. 06-1072, 2007 WL 1741785 (E.D. La. June 11, 2007), *aff'd,* 279 F. App'x
   321 (5th Cir. 2008).....................................................................................................................7

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ....................................................................................................3

*McAllister v. City of Riesel, Tex.*,
   146 F. 3d 130 (5th Cir. 1944) (per curiam)...............................................................................4

*Moore v. Travelers Ins. Co.*,
   321 F. App'x 911 (11th Cir. 2009) ...........................................................................................9

*Newman v. Lexington Ins. Co.*,
   No. 06-4668, 2007 WL 1063578 (E.D. La. Apr. 4, 2007) .................................................. 8, 10

*Office of Med. & Sci. Justice, Inc. v. DeShong*,
   596 F. App'x 328 (5th Cir. 2015) ............................................................................................ 4

*Probst v. Nobles*,
   66 So. 2d 609 (La. 1953) ......................................................................................................... 7

*Red Hook Comm'cns I, L.P. v. On-Site Manager, Inc.*,
   700 Fed. App'x 329 (5th Cir. 2017) ........................................................................................ 3

*River Bend Capital, LLC v. Lloyd's of London*,
   2010-1317 (La. App. 4 Cir. 4/13/11) ....................................................................................... 5

*St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*,
   681 F. Supp. 2d 748 (E.D. La. 2010) ....................................................................................... 8

*In re Succession of Young*,
   98-1073 (La. App. 1 Cir. 5/14/99) ........................................................................................... 7

*Taylor v. Books-A-Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002) ................................................................................................... 4

*Texas v. EPA*,
   829 F.3d 405 (5th Cir. 2016) ................................................................................................... 3

*United States v. Don B. Hart Equity Pure Tr.*,
   818 F.2d 1246 (5th Cir. 1987) ................................................................................................. 7

*Walters v. Greer*,
   31,480 (La. App. 2 Cir. 1/22/99) ............................................................................................. 5

**Statutes**

Cal. Bus. & Prof. Code § 17200 et seq. ........................................................................................ 9

La. Civ. Code art. 5 ....................................................................................................................... 7

La. Civ. Code art. 3071 ................................................................................................................. 5

La. Civ. Code art. 3079 ................................................................................................................. 5

La. Civ. Code art. 3080 ................................................................................................................. 5

Louisiana Revised Statutes § 22:868 ............................................................................................. 8

Louisiana Revised Statutes § 22:1892(B)(5) ........................................................................ *passim*

854087v.1
1477073v.1

**Other Authorities**

Federal Rule of Civil Procedure 9(c) ............................................................................................4

Federal Rule of Civil Prodecdure 12(b)(6) ...................................................................................4

Defendant GoAuto Insurance Company ("GoAuto") respectfully submits this Memorandum in Support of its Motion to Dismiss and Alternative Motion to Stay Plaintiff Tamar Dozier's lawsuit. Plaintiff's suit should be dismissed for either one of two reasons. First, Plaintiff and GoAuto negotiated and ultimately settled her claims for property damage. Plaintiff's lawsuit, filed nine months after the parties reached this compromise, impermissibly seeks to void that settlement on the basis of facts that were readily available to her at the time she compromised her claims and is therefore barred by the *res judicata* effect of that settlement. Second, even if this Court finds that Plaintiff's claims are not barred, Plaintiff has not participated in the appraisal process required by the personal auto policy issued to her by GoAuto, therefore, her suit is premature. Plaintiff's suit should therefore be dismissed, or in the alternative, stayed and administratively closed, until Plaintiff and GoAuto complete the required appraisal process.

## FACTUAL BACKGROUND

Plaintiff Tamar Dozier was involved in an automobile accident on August 3, 2018.[1] Plaintiff was insured by a personal auto policy issued by GoAuto that provided collision coverage (the "Policy").[2] Plaintiff made a claim for coverage under the Policy.[3] Because Plaintiff's loss was determined to be a "motor vehicle total loss," GoAuto adjusted her claim pursuant to the applicable terms of the Policy and Louisiana Revised Statutes § 22:1892(B)(5), which provides, in part:

> (5) When an insurance policy provides for the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value or replacement with another of like kind and quality, and the insurer elects a cash settlement based on the actual cost to purchase a comparable motor vehicle, such costs shall be derived by using one of the following:
>
> …

---

[1] Rec. Doc. 1-1, Pet. at ¶ 7. For the purposes of this Motion, although GoAuto disputes many of the allegations in Plaintiff's petition, GoAuto treats the allegations in Plaintiff's petition as true, as this Court must on a Motion to Dismiss.
[2] Rec. Doc. 1-1, Pet. at ¶ 8.
[3] Rec. Doc. 1-1, Pet. at ¶ 8.

1

 (b) The retail cost as determined from a generally recognized used motor vehicle industry source; such as, an electronic database, if the valuation documents generated by the database are provided to the first-party claimant, or a guidebook that is available to the general public. If the insured demonstrates, by presenting two independent appraisals, based on measurable and discernable factors, including the vehicle's preloss condition, that the vehicle would have a higher cash value in the local market area than the value reflected in the source's database or the guidebook, the local market value shall be used in determining the actual cash value.

As Plaintiff acknowledges in her suit, GoAuto elected to pay her claim pursuant to § 22:1892(B)(5)(b) and provided her with a valuation from CCC One Market, an electronic database.[4]

After Plaintiff and GoAuto negotiated regarding the valuation of her vehicle, on November 23, 2018, GoAuto issued, and Plaintiff accepted, a check in the full amount calculated by CCC One Market to settle her property damage claim.[5] Plaintiff also signed a transfer of title, conveying title to her damaged vehicle to GoAuto.[6]

Almost a year later, on August 12, 2019, Plaintiff filed this lawsuit, claiming for the first time that the valuation method used by GoAuto—a method she concedes was disclosed to her at the time she settled her claim—is not compliant with § 22:1892(B)(5)'s requirements, and that GoAuto paid only a "portion" of her loss.[7] Plaintiff purports to represent herself and a putative class of "all past and present Goauto [sic] Insurance Company policyholders who have made claims against their policy for the total loss of a vehicle and had those claims undervalued through

---

[4] Rec. Doc. 1-1, Pet. at ¶ ¶ 10-11, 16.
[5] *See* Rec. Doc. 1-1, Pet. at ¶ 28; *see also* Ex. 2, Check to Tamar Dozier. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (alteration removed). GoAuto therefore attaches the Policy it issued to Plaintiff, the check reflecting the amount of the payment made to Plaintiff, and the transfer of title, which are referenced in or at least contemplated by Plaintiff's complaint and are central to her claim. *Id.*
[6] *See* Rec. Doc. 1-1, Pet. at ¶ 28; *see also* Ex. 3, Power of Attorney and Certificate of Title.
[7] *See* Rec. Doc. 1-1, Pet. at ¶¶ 34-43.

the use of the CCC One Market Valuation Report system and/or other unfair valuation tools."[8]

The Policy issued by GoAuto to Plaintiff contains the following provision:

**Appraisal**

If **we** and **you** do not agree on the amount of **loss**, either may request a non-binding appraisal of the loss, in a good faith attempt to resolve their differences as to the amount of the **loss**. In this event, each party will select a competent and disinterested appraiser. The two appraisers will select a third disinterested appraiser to act as an umpire. Each appraiser will separately state their determination of the actual cash value and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A written award signed by any two of the appraisers shall determine, subject to the terms and conditions of this Policy, the amount payable for the **loss**. The appraisers have no authority to decide issues of coverage under this Policy. Each party will pay its chosen appraiser and bear the expenses of the appraisal and umpire equally.

Neither party shall be held to have waived any of their rights by any act relating to this appraisal provision, nor shall the amount of the **loss** so determined be binding or conclusive as to any party in any subsequent proceeding.[9]

Therefore, following receipt of Plaintiff's suit, which was GoAuto's first notice that Plaintiff did not agree to the amount of the loss, GoAuto invoked the appraisal provision contained in the Policy.[10] Plaintiff has not responded to GoAuto's request.

---

[8] Rec. Doc. 1-1, Pet. at ¶ 44.
[9] Ex. 1, Certified Copy of Tamar Dozier's Insurance Policy, at p. 16.
[10] Ex. 4, Letter from Michael Durel to Kenneth St. Pe. This Court can properly consider the appraisal request because:

> [W]hen judicial review depends on a particular fact or legal conclusion, then a court may determine whether that condition exists." *Texas v. EPA*, 829 F.3d 405, 420 n.18 (5th Cir. 2016). In evaluating whether a condition precedent has occurred at the motion to dismiss phase, a court may consider documents appended to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Id.* at 498–99 (first alteration in original) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). If the attachments "reveal[ ] facts which foreclose recovery as a matter of law, dismissal is appropriate." *Ass'd Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

*Red Hook Comm'cns I, L.P. v. On-Site Manager, Inc.*, 700 Fed. App'x 329, 332 (5th Cir. 2017). Moreover, evidence can be considered on GoAuto's alternative motion to stay.

## LAW AND ARGUMENT

### I.    Standard of Review on a Rule 12(b)(6) motion.

"Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted." *Hanchett v. Purdy*, No. 2:18-1310, 2018 WL 6626587, at *1 (W.D. La. Dec. 18, 2018). A court must "accept[] as true the well-pled factual allegations in the complaint, and construe[] them in the light most favorable to the plaintiff" on a Rule 12(b)(6) motion. *Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A court should not, however, "accept 'conclusory allegations, unwarranted factual inferences, or legal conclusions' as true." *Office of Med. & Sci. Justice, Inc. v. DeShong*, 596 F. App'x 328, 329 (5th Cir. 2015) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

Further, Federal Rule of Civil Procedure 9(c) requires plaintiffs to allege, albeit generally, "that all conditions precedent" to suit "have occurred or have been performed." Courts will dismiss suits where plaintiffs do not properly allege that conditions precedent to suit have occurred. *See McAllister v. City of Riesel, Tex.*, 146 F. 3d 130 (5th Cir. 1944) (per curiam) (affirming dismissal of a complaint in part because "[t]he complaint as amended does not allege the performance of the conditions precedent to Plaintiff's right to recover").

### II.    Because Plaintiff has already accepted and negotiated payment for her losses, her claims are barred by accord and satisfaction.

After Plaintiff made a claim under the Policy, GoAuto determined that the claim qualified as a "motor vehicle total loss," and adjusted the claim pursuant to the applicable terms of the Policy and Louisiana Revised Statutes § 22:1892(B)(5) by delivering to Plaintiff a valuation of her vehicle from CCC One Market.[11] After GoAuto sent the CCC One Market Valuation Report to Plaintiff, GoAuto and Plaintiff negotiated on the amount of her loss and ultimately agreed to a settlement in

---

[11] Rec. Doc. 1-1, Pet. at ¶¶ 10-11, 16.

4

the amount of $8756.00, the full amount of the value of Plaintiff's vehicle as determined by the CCC One Market electronic database in accordance with Louisiana law.[12] In connection with this settlement, Plaintiff accepted a check from GoAuto labeled as "For collision damages total loss" and signed over to GoAuto the title to her vehicle.[13] The parties therefore compromised Plaintiff's property damage claims, and pursuant to the doctrine of accord and satisfaction, that settlement is *res judicata* to Plaintiff's claims in this suit.

In Louisiana, "[a] compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." LA. CIV. CODE art. 3080. A compromise is "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." LA. CIV. CODE art. 3071. A compromise can also be made through accord and satisfaction, or when a "debtor tender[s] payment to the creditor in full satisfaction of a disputed claim and . . . the creditor accept[s] the tender." *Walters v. Greer*, 31,480 (La. App. 2 Cir. 1/22/99); 726 So. 2d 1094, 1097; *see also* LA. CIV. CODE art. 3079.

"To establish a defense of accord and satisfaction, the debtor must show: an unliquidated or disputed claim between debtor and creditor; that the debtor tendered a check for less than the sum claimed by the creditor; **and that the creditor accepted the tender by negotiating the check**." *River Bend Capital, LLC v. Lloyd's of London*, 2010-1317 (La. App. 4 Cir. 4/13/11); 63 So. 3d 1092, 1094-95 (emphasis added); *see also Braudaway v. United Equitable Ins. Co.*, 208 So. 2d 359, 360 (La. App. 4 Cir. 1968) (dismissing a suit pursuant to accord and satisfaction where, although plaintiff disputed a tender from his insurer, he "cashed the check, retained the proceeds and then instituted this suit").

---

[12] *See* Rec. Doc. 1-1, Pet. at ¶ 16.
[13] Ex. 2, Check to Tamar Dozier; Ex. 3, Power of Attorney and Certificate of Title.

5

Plaintiff negotiated the check provided by GoAuto in the amount of the actual cash value of her property that stated it was for "[f]or collision damages total loss."[14] She therefore accepted GoAuto's tender. Plaintiff's suit is barred because she and GoAuto have fully settled her claim.

GoAuto expects that Plaintiff will argue that, despite the notation on the check and despite the parties' multiple discussions regarding valuation of Plaintiff's vehicle before her claim was settled, Plaintiff was not on notice that the settlement paid by GoAuto was intended to settle fully Plaintiff's property damage claim. That argument should fail, however, because Plaintiff and GoAuto "were literally negotiating at arms' length when the tender was made"—this was not, in other words, a case "where the debtor scrawls 'in full settlement' or other similar words on his check and sends it off to the distant creditor, hoping that the creditor will unwittingly cash it and effect an accord and satisfaction." *See Arender v. Gilbert*, 343 So. 2d 1146, 1151 (La. App. 3 Cir. 1977).

Instead, Plaintiff made a claim under a Policy that provides that GoAuto's liability is limited to "the actual cash value of the . . . damaged property at the time of **loss**; reduced by the applicable deductible" or "the amount necessary to repair or replace the property with other of the like, kind and quality less depreciation, reduced by the applicable deductible."[15] Plaintiff understood that her vehicle was a total loss.[16] Pursuant to the Policy to which Plaintiff is a party, the actual cash value is the extent of GoAuto's liability.

GoAuto expects that Plaintiff may argue that she settled her claim without knowledge of the facts underlying her current claim that the CCC One Market valuation purportedly fails to comply with § 22:1892(B)(5)(b). That argument fails, because as Plaintiff admits in her Petition,

---

[14] Ex. 2, Check to Tamar Dozier; *see* Ex. 4, Power of Attorney and Certificate of Title.
[15] Ex. 1, Certified Copy of Tamar Dozier's Insurance Policy at p. 15.
[16] Rec. Doc. 1-1, Pet. at ¶ 8.

6

GoAuto provided the CCC One Market Valuation Report to her, in compliance with § 22:1892(B)(5)(b)'s requirement to "provide[] to the first-party claimant" the documents generated by the electronic database GoAuto used to determine the retail cost of Plaintiff's vehicle.[17] When GoAuto provided that valuation to Plaintiff, she could have disputed, as she does now, that the CCC One Market Valuation Report was not a "generally recognized used motor vehicle industry source."[18] Plaintiff chose instead to accept the valuation and to settle her property damage claims.

Plaintiff was fully informed of the nature of the compromise offered by GoAuto's tender, and Plaintiff accepted that tender. Plaintiff's suit is barred because her accord and satisfaction settlement with GoAuto is *res judicata* to the claims in Plaintiff's Petition.

### III. Alternatively, Plaintiff's claims should be dismissed or stayed as premature, because Plaintiff has not complied with the appraisal provision of the Policy.

Pursuant to the plain language of the Policy, Plaintiff and GoAuto agreed that either party could request an appraisal to resolve disputes over the amount of a loss claimed under the Policy.[19] When Plaintiff accepted the check for her loss without comment, GoAuto understood that there was not a dispute as to the valuation of Plaintiff's loss. When GoAuto learned, through this lawsuit, that Plaintiff now disagrees with GoAuto's valuation of Plaintiff's loss, GoAuto requested an

---

[17] *See* Rec. Doc. 1-1, Pet. at ¶ 16 (copying the CCC One Market Valuation Report into the Petition).
[18] *See* Rec. Doc. 1-1, Pet. at ¶¶ 36-37. Plaintiff is charged with the knowledge of the provisions of § 22:1892 because "[n]o one may avail h[er]self of ignorance of the law." LA. CIV. CODE art. 5; *see also Probst v. Nobles*, 66 So. 2d 609, 610 (La. 1953) ("At the time the written lease was entered into, the Housing and Rent Act of 1947, an emergency wartime measure, was in full force and effect, and, at the time the parties to this contract entered into it, they were charged with full knowledge of this law.") (citation omitted); *In re Succession of Young*, 98-1073 (La. App. 1 Cir. 5/14/99); 732 So. 2d 833, 836, *writ denied,* 99-1764 (La. 10/1/99); 748 So. 2d 446 ("[A]fter the promulgation of a law, each person is charged with knowledge of it."); *United States v. Don B. Hart Equity Pure Tr.*, 818 F.2d 1246, 1249 (5th Cir. 1987) ("[P]eople are charged with knowledge of the contents of federal regulations, just as they are charged with knowledge of statutory law."); *Lawrence v. Fid. Nat. Ins. Co.*, No. 06-1072, 2007 WL 1741785, at *4 (E.D. La. June 11, 2007), *aff'd,* 279 F. App'x 321 (5th Cir. 2008) ("Plaintiffs are charged with [knowledge of insurance regulations] under applicable jurisprudence and La. Civil Code Article 5.").
[19] Ex. 1, Certified Copy of Tamar Dozier's Insurance Policy at p. 16.

7

appraisal pursuant to the Policy.[20]

Appraisal provisions like the one in the Policy are enforceable under Louisiana law. *See Hilltop Bowl, Inc. v. U.S. Fid. & Guar. Co.*, 259 F. Supp. 649, 650-51 (W.D. La. 1966) (finding appraisal provision valid and requiring Plaintiff to participate); *St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748, 753 (E.D. La. 2010) ("Appraisal clauses such as these are enforceable under Louisiana law."); *Newman v. Lexington Ins. Co.*, No. 06-4668, 2007 WL 1063578, at *2 (E.D. La. Apr. 4, 2007) ("Courts have consistently held that appraisal provisions in insurance policies are enforceable.") (citing cases).

GoAuto expects that Plaintiff may argue that enforcing an appraisal provision deprives this court of jurisdiction, in violation of Louisiana Revised Statutes § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction of action against the insurer."). This Court should reject that argument, because Louisiana courts routinely uphold appraisal clauses, recognizing that while insureds must have access to the courts, they are free in a Policy to agree to extra-judicial appraisal as a method to determine the amount of the loss. *See Dore v. Shelter Mut. Ins. Co.*, 2013-0545 (La. App. 1 Cir. 11/1/13); 2013 WL 5915141 at *3 (citing cases to support the statement that there was no "merit in Shelter Mutual's contentions that the appraisal provision violates La. R.S. 22:868 by divesting the district court of jurisdiction over Ms. Doré's claim. Appraisal provisions are enforceable in Louisiana. . . . The duty of appraisers is merely to ascertain the extent and value of an insured's loss and not to determine an insurer's liability.").

---

[20] Ex. 4, Letter from Michael Durel to Kenneth St. Pe.

8

Appraisal is not only called for by the Policy, it is expressly contemplated as a method of valuation by Louisiana statute. Pursuant to Louisiana Revised Statutes § 22:1892(B)(5)(c), one of the methods by which a "motor vehicle total loss" may be adjusted is through:

> A qualified expert appraiser selected and agreed upon by the insured and insurer. The appraiser shall produce a written nonbinding appraisal establishing the actual cash value of the vehicle's preloss condition.

The parties have not yet completed the appraisal process that is required by the Policy and contemplated by Louisiana law; thus, as a matter of law, GoAuto cannot be liable for allegedly paying "only a portion of the 'loss'" or for allegedly refusing "to pay the full amount of the 'loss' under the terms and provisions of" the Policy.[21]

Because the parties have not participated in the appraisal process set forth in the Policy for resolving disputes over the amount of the loss, this suit should be dismissed. *See Girard v. Atl. Mut. Ins. Co.*, 198 So. 2d 444, 447 (La. App. 4 Cir. 1967) ("The suit was prematurely filed in view of plaintiff's refusal to comply with the [appraisal] requirements of the policy, and the exception was properly maintained. The penalty for filing a suit prematurely is dismissal."); *see also City of Laurel, Miss. v. ARGO GROUP US*, No. 08-185, 2009 WL 112220, at *2 (S.D. Miss. Jan. 14, 2009) ("Federal Courts have routinely granted motions to dismiss based on the failure of plaintiffs to participate in an appraisal process demanded by the defendant.").[22]

Alternatively, the suit should be stayed and administratively closed until the appraisal

---

[21] *See* Rec. Doc. 1-1, Pet. at ¶¶ 28-29.

[22] Additionally, Plaintiff here seeks to represent a nationwide class, and courts in other circuits also routinely dismiss complaints filed before an appraisal process has been completed. *See Enger v. Allstate Ins. Co.*, 407 Fed. App'x 191, 193 (9th Cir. 2010) (upholding dismissal of complaint alleging insurer used improper valuation method and finding that "until an appraisal is completed, it is impossible to know whether [plaintiff's] claim in fact was undervalued, such that her claims for breach of contract, breach of the covenant of good faith and fair dealing, and Cal. Bus. & Prof. Code § 17200 et seq., are viable"); *Moore v. Travelers Ins. Co.*, 321 F. App'x 911, 913 (11th Cir. 2009) (dismissing claims for failure to comply with appraisal requirement).

9

process is complete. *See Beasley v. GeoVera Specialty Ins. Co.*, No. 13-395, 2013 WL 3187289, at *4 (E.D. La. June 20, 2013) (granting insurer's motion to compel appraisal and administratively close case pending appraisal). The Policy provides that the appraisal process "**shall** determine . . . the amount payable for the **loss**" if two appraisers sign a written award determining the actual cash value and the amount of loss.[23] The appraisal process therefore "may settle the dispute in this case," and administratively closing the case until the appraisal process is complete will preserve both the parties' and this Court's resources. *See Newman*, 2007 WL 1063578, at *4.[24] Enforcing the appraisal provision thus not only fulfills the parties' contractual agreement as expressed in the Policy, it also serves the interest of judicial efficiency.

Plaintiff's lawsuit is based on a dispute as to the amount of loss paid by GoAuto for the total loss of her vehicle. This is precisely the type of dispute that appraisal provisions like the provision in the Policy are designed to address. Accordingly, if the Court does not dismiss Plaintiff's suit as barred by her voluntary compromise of her claim, this Court should dismiss or administratively close this suit pending completion of the appraisal process.

## CONCLUSION

For the foregoing reasons, Plaintiff's suit, which is barred by *res judicata* because it seeks to dispute an accord and satisfaction agreement, should be dismissed with prejudice. Alternatively, Plaintiff's suit should be dismissed without prejudice pending completion of the appraisal process. Or in the further alternative, Plaintiff's suit should be stayed and administratively closed pending the outcome of the appraisal process provided in the Policy.

---

[23] Ex. 1, Certified Copy of Tamar Dozier's Insurance Policy Policy at p. 16 (first emphasis added).
[24] This is particularly true because if the appraisal process determines either that the payment made to Plaintiff is equal to or greater than the amount of her loss, she cannot represent the putative class as defined in her Petition.

                                                                                Respectfully submitted,

                                                            */s/ Rebekka C. Veith*
                                                       Jason W. Burge (La. Bar No. 30420)
                                                       Rebekka C. Veith (La. Bar. No. 36062)
                                                       Kathryn J. Johnson (La. Bar. No. 36513)
                                                       FISHMAN HAYGOOD, LLP
                                                       201 St. Charles Avenue, 46th Floor
                                                       New Orleans, LA 70170
                                                       Telephone: (504) 586-5252
                                                       Facsimile: (504) 586-5250
                                                       Email: jburge@fishmanhaygood.com
                                                       rveith@fishmanhaygood.com
                                                       kjohnson@fishmanhaygood.com
                                                      ***Counsel for GoAuto Insurance Company***

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

                                                                                               */s/ Rebekka C. Veith*