UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TAMAR RENEE DOZIER, Individually and on behalf of others similarly situated | CIVIL ACTION NO. 6:19-cv-01223 |
| VERSUS | JUDGE SUMMERHAYS |
| GOAUTO INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**

Pending before the court is the motion to remand or, alternatively, for jurisdictional discovery, which was filed by the plaintiff, Tamar Renee Dozier. (Rec. Doc. 11). The motion is opposed. (Rec. Doc. 15). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Oral argument was held on January 16, 2020. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be granted.

**Background**

The plaintiff, Tamar Renee Dozier, initiated this lawsuit by filing a petition in the 15th Judicial District Court, Lafayette Parish, Louisiana. In her petition, Ms. Dozier alleged that she was involved in an automobile accident on August 3, 2018. She further alleged that, because her 2013 Nissan Altima SL was severely damaged

in the accident, she made a claim under the collision coverage afforded by her insurance policy with GoAuto Insurance Company and her vehicle was determined to be a "total loss." The insurance policy stated that, in the case of a total loss, GoAuto would pay the actual cash value ("ACV") of an insured vehicle. Louisiana law requires an insurer to determine ACV by means of a fair market survey of qualified retail automobile dealers in the local market, by reference to a generally recognized used motor vehicle industry source such as an electronic database or guidebook that is available to the general public, or by consultation with a qualified expert appraiser selected and agreed upon by the insurer and the insured.[1] To determine the ACV in Ms. Dozier's case, GoAuto allegedly used the CCC One Market Valuation Report, a product that GoAuto purchased from CCC Information Services, Inc. In her petition, Ms. Dozier claimed that the CCC Market Valuation Report undervalued her vehicle, particularly in comparison to other commonly-used valuation systems such as the NADA used car guide or the Kelley Blue Book.

Ms. Dozier sued GoAuto, and she styled her suit as a class action, alleging that it was brought not only on her own behalf but also on behalf of others whose vehicles were undervalued by GoAuto after being determined to be total losses. Ms.

---

[1] La. R.S. 22:1892B(5)(a) – (c).

Dozier claimed that GoAuto's use of the CCC Market Valuation Report breached the insurance contract and violated Louisiana law.

GoAuto removed the suit, alleging that the court has subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In response, Ms. Dozier filed the instant motion to remand.

## **Law and Analysis**

Federal courts are courts of limited jurisdiction.[2] For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[3] Because removal implicates federalism issues, the removal statute must be strictly construed.[4] Any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[5] The burden of establishing federal court jurisdiction rests on the party seeking the federal forum.[6] Thus, when a suit is removed to federal court, the

---

[2]   *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).

[3]   *Howery v. Allstate Ins. Co*., 243 F.3d at 916; *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[4]   *Manguno v. Prudential Property & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988).

[5]   *In re Hot-Hed, Inc*., 477 F.3d 320, 323 (5th Cir. 2007); *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000).

[6]   *Clayton v. ConocoPhillips Co*., 722 F.3d 279, 290 (5th Cir. 2013); *Howery v. Allstate Ins. Co*., 243 F.3d at 916.

removing defendant has the burden of showing that jurisdiction exists.[7] In this case, GoAuto must bear that burden.

Congress enacted CAFA to encourage federal court jurisdiction over interstate class action lawsuits of national interest.[8] CAFA greatly expanded federal jurisdiction over interstate class action lawsuits[9] by granting the federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; (3) the amount in controversy exceeds $5 million; and (4) the primary defendants are not states, state officials, or other governmental entities.[10]

To establish CAFA jurisdiction, a removing defendant must prove minimal diversity.[11] Minimal diversity is satisfied when one plaintiff is diverse from one

---

[7] *Ashford v. Aeroframe Services, L.L.C.*, 907 F.3d 385, 395 (5th Cir. 2018); *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000); *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[8] *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.* ("Preston I"), 485 F.3d 793, 797 (5th Cir. 2007).

[9] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011); *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 711 n. 47 (5th Cir. 2008); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.* ("Preston II"), 485 F.3d 804, 810 (5th Cir. 2007).

[10] 28 U.S.C. § 1332(d)(2) 28 U.S.C. § 1332(d)(5).

[11] 28 U.S.C. § 1332(d).

defendant.[12]  The basis for federal court jurisdiction under CAFA must be established at the time of removal, and subsequent events generally cannot destroy a federal court's jurisdiction.[13]

There are three exceptions to CAFA's jurisdictional grant: the local controversy exception,[14] the home state exception,[15] and the discretionary exception.[16] The first two exceptions are mandatory, and they are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state."[17]  CAFA was designed to exclude only a narrow category of truly localized controversies, and the exceptions provide a statutory means for courts to identify controversies that affect only particular localities.[18]

---

[12] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 594 n. 12 (2005) (noting that for minimal diversity under CAFA, "one plaintiff's diversity from one defendant suffices" to establish minimal diversity).

[13] *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 341 (5th Cir. 2016); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426 (5th Cir. 2014); *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 637 (5th Cir. 2014). See also *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006).

[14] 28 U.S.C. § 1332(d)(4)(A).

[15] 28 U.S.C. § 1332(d)(4)(B).

[16] *Preston II*, 485 F.3d at 810-11.

[17] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 570 (quoting *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006)).

[18] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 570; *Preston II*, 485 F.3d at 823.

Under CAFA, the party seeking remand on the basis of an exception bears the burden of proving the existence of an exception by a preponderance of the evidence.[19]

"CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."[20] Therefore, it is only after the removing defendant has established jurisdiction under CAFA that the burden shifts to the party seeking remand to prove by a preponderance of the evidence that an exception to CAFA jurisdiction applies.[21] Particularly when challenged by a plaintiff seeking remand, the removing party bears the burden of showing that federal jurisdiction exists pursuant to CAFA.[22] For that

---

[19] *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n. 3 (5th Cir. 2014); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571; *Preston II*, 485 F.3d at 814.

[20] *Joseph v. Unitrin, Inc.*, No. 1:08-CV-077, 2008 WL 3822938, at *4 (E.D. Tex. Aug. 12, 2008) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 n. 3 (11th Cir. 2006)). See also *Werner v. KPMG LLP*, 415 F.Supp.2d 688, 695 (S.D. Tex. 2006) ("A number of courts have held that Congress's silence means that CAFA did not change the burden of proving federal jurisdiction when a motion to remand is filed." (Citations omitted.).

[21] Some courts have described this as a shifting of the burden from one party to the other. See, e.g., *Laffin v. National Football League*, No. 3:11-CV-0345-M, 3:11-CV-248, 2011 WL 1396887, at *1 (N.D. Tex. Apr. 12, 2011) ("once federal jurisdiction under CAFA is established, the burden shifts to the objecting party to prove by a preponderance of the evidence any jurisdictional exceptions."). See, also, *Preston II*, 485 F.3d at 813 ("once federal jurisdiction has been established under [CAFA], the objecting party bears the burden of proof as to the applicability of any express statutory exception. . . ." (quoting *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007)).

[22] *Waxler Transp. Co., Inc. v. Valspar Corp.*, No. 08-1363, 2008 WL 4936510, at *2 (E.D. La. Aug. 6, 2008); *Phillips v. Severn Trent Environmental Services, Inc*., No. 07-3889, 2007 WL 2757131, at *1 (E.D. La. Sept. 19, 2007).

reason, remand is appropriate when the removing defendant fails to carry its burden of showing minimal diversity.[23]

In cases involving CAFA, the district court "has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction."[24] The court must evaluate the sufficiency of the jurisdictional evidence on a case-by-case basis.[25]

In this case, a single plaintiff and a single defendant were identified in the petition. At oral argument, counsel for the plaintiff explained that he does yet know – and likely will not know until discovery has been conducted – the identities of other members of the proposed plaintiff class. The named plaintiff is a natural person, and the defendant is a corporation.

The citizenship of a natural person is determined by the state in which he is domiciled,[26] and domicile is a combination of both a person's residence and his intent

---

[23] See, e.g., *Behler v. East Jefferson Hospital Service District No. 2*, No. 12-1171, 2012 WL 13001034, at *4 (E.D. La. Aug. 20, 2012); *Rasberry v. Capitol County Mut. Fire. Ins. Co.*, 609 F.Supp.2d 594, 603 (E.D. Tex. 2009); *Jenkins v. BOH Bros. Const. Co., LLC*, No. 08-3794, 2009 WL 3346953, at *2 (E.D. La. Oct. 13,2009).

[24] *Preston II*, 485 F.3d at 817 (quoting *Coury v. Prot*, 85 F.3d at 249).

[25] *Preston I*, 485 F.3d at 801.

[26] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571; *Coury v. Prot*, 85 F.3d at 248.

7

to remain there permanently.[27] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[28] However, evidence of a person's place of residence is *prima facie* proof of his domicile,[29] creating a presumption of citizenship. Furthermore, once domicile is established, it presumptively continues unless rebutted by evidence of change.[30] In her petition, Ms. Dozier alleged that she is a Louisiana resident.[31] GoAuto presented no evidence refuting that allegation or suggesting that Ms. Dozier is not a Louisiana citizen. Accordingly, this Court finds that Ms. Dozier is a Louisiana citizen.

A corporation's citizenship is determined by its state of incorporation and the state in which it has its principal place of business.[32] In the removal notice, GoAuto stated that it is "a corporation organized under the laws of Louisiana with its principal place of business in Baton Rouge, Louisiana."[33] Accordingly, this Court finds that GoAuto is a Louisiana citizen.

---

[27] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571; *Preston I*, 485 F.3d at 798; *Coury v. Prot*, 85 F.3d at 250.

[28] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[29] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571; *Preston I*, 485 F.3d at 799.

[30] *Preston I*, 485 F.3d at 797-98.

[31] Rec. Doc. 1-1 at 2.

[32] 28 U.S.C. § 1332(c)(1).

[33] Rec. Doc. 1 at 4.

Thus, the two parties to the lawsuit who were specifically identified in the plaintiff's petition are not diverse, and CAFA's minimal diversity requirement has not been satisfied. GoAuto argued, however, that it has established minimal diversity because (a) the petition indicates that Ms. Dozier intends for the plaintiff class to include persons who are not Louisiana citizens; and (b) citizens of other states will likely be included in the plaintiff class because GoAuto does business in states other than Louisiana. Neither argument is persuasive.

The plaintiff's petition does not expressly include citizens of states other than Louisiana in the proposed plaintiff class, and the allegations set forth in the petition support a conclusion that only Louisiana citizens are to be included in the plaintiff class. On its first page, the petition states that the named plaintiff and the members of the potential class are "Louisiana resident policyholders" of GoAuto automobile liability insurance policies (Rec. Doc. 1-1 at 2, ¶ 4). Relief is sought only under Louisiana law. The petition alleged that GoAuto breached contractual obligations under insurance policies issued in the State of Louisiana (Rec. Doc. 1-1 at 2, ¶ 5); that the issues underlying the lawsuit arose out of GoAuto's "contractual relations created and issued within the State of Louisiana" (Rec. Doc. 1-1 at 2, ¶ 6); that GoAuto writes policies in Louisiana (Rec. Doc. 1-1 at 3, ¶ 9); that Louisiana law requires certain methods of calculating ACV (Rec. Doc. 1-1 at 3-4, ¶¶ 12-15); and that the use of the CCC One Market Valuation Report violates Louisiana law (Rec.

Doc. 1-1 at 7-8, ¶¶ 34-43). This suggests that the only persons having claims similar to Ms. Dozier's claim are likely to be Louisiana residents and Louisiana citizens.

The petition also contains a paragraph defining the proposed plaintiff class, which reads as follows:

> Petitioner prays that this matter be certified and maintained as a class action on behalf of all past and present Goauto [sic] Insurance Company policyholders who have made claims against their policy for the total loss of a vehicle and had those claims undervalued through the use of the CCC One Market Valuation Report system and/or other unfair valuation tools used by Goauto [sic] Insurance Company.

(Rec.Doc. 1-1 at 9, ¶ 44). There is no reference in that paragraph to persons living in or citizens of any state whatsoever. The following paragraph contains the petition's only reference to potential plaintiffs outside of Louisiana. It reads as follows: "Petitioner represents that the class consists of numerous policyholders who are located throughout the State of Louisiana and the United States, so that joinder of all members is impractical." (Rec. Doc. 1-1 at 9, ¶ 45). The significance of that paragraph is to establish that there are likely to be a large number of class members, and it does not mention the citizenship of any particular class member. The use of the word "located" is not material to the determination of a person's citizenship, and it is conceivable that class members may be both Louisiana citizens and located in other states. On the other hand, the fact that a person may be located outside Louisiana does not prove that the person is – or is not – a citizen of Louisiana since "location" is different from both residence and domicile. The Fifth Circuit has

suggested that, if conflicting class definitions must be considered when ruling on a motion to remand, "[i]f either paragraph is to be given greater weight, it ought to be the paragraph that contains what the plaintiff has declared is the class definition."[34] Although Ms. Dozier's petition does not contain conflicting class definitions, Paragraph 45 (which mentions persons located throughout the United States) is not the paragraph in which the plaintiff declared the proposed class definition. To the contrary, Paragraph 44 – which does not contain a reference to any state's citizens and, more important, does not contain a reference to policyholders located throughout the United States – is the paragraph that contains the class definition. Without a reference to citizenship, residence, or domicile of the members of the proposed plaintiff class, the definition of the proposed class set forth by the plaintiff in Paragraph 44 of the petition provides no help in determining the citizenship of the parties to the lawsuit.

Paragraph 44 must be read in conjunction with the other provisions of the petition. The multiple references in the petition to Louisiana residence, Louisiana policyholders, and Louisiana law demonstrates that the plaintiff was focused on Louisiana when drafting her complaint. This Court finds that the single reference in

---

[34] *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d at 340.

the petition to "policyholders. . . located throughout. . . the United States" is not sufficient to establish the citizenship of any member of the proposed class.

Second, how and where GoAuto does business does not define the plaintiff class. GoAuto submitted evidence that it does business in Louisiana, Nevada, and Ohio and has calculated the ACV of "total loss" vehicles in all three of those states. GoAuto argued that this Court should extrapolate from those facts the conclusion that there likely are members of the proposed plaintiff class who are citizens of Nevada and Ohio. This Court declines to make such an inference. The fact that GoAuto does business in other states and the fact that GoAuto has calculated ACVs in other states sheds absolutely no light on the citizenship of either GoAuto or the members of the proposed plaintiff class.

The only evidence presented concerning the citizenship of the parties established that the sole plaintiff identified so far is a Louisiana citizen and the sole defendant is also a Louisiana citizen. There is no evidence that any plaintiff is diverse in citizenship from the defendant. Accordingly, GoAuto has not satisfied its burden of establishing minimal diversity.

In their briefing, the parties addressed the potential applicability of the home state exception and the local controversy exception to CAFA jurisdiction. But, because GoAuto failed to establish that the court has jurisdiction under CAFA, it is

unnecessary to evaluate the applicability of the potential exceptions to CAFA jurisdiction.

GoAuto insisted, in its briefing and at oral argument, that it is not required to prove that at least one class member is diverse from it. (Rec. Doc. 15 at 9). This Court disagrees. To satisfy its burden of establishing minimal diversity, GoAuto is required to show that at least one plaintiff class member is diverse in citizenship from any defendant.[35] As the United States Supreme Court has explained, "one plaintiff's diversity from one defendant" is sufficient to establish minimal diversity.[36] In this case, however, Ms. Dozier is a Louisiana citizen and GoAuto is also a Louisiana citizen. GoAuto has not shown that there is another plaintiff who is diverse in citizenship from itself. Therefore, GoAuto has not established minimal diversity.

Finally, jurisdictional discovery will not assist the parties or this Court in determining whether there was minimal diversity at the time of removal since the only parties to the suit at that time – Ms. Dozier and GoAuto – are not diverse.

## Conclusion

GoAuto, the only defendant in this lawsuit and the removing defendant, established that it is a Louisiana citizen but failed to show that any member of the

---

[35] 28 U.S.C. § 1332(d)(2)(A).

[36] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. at 595 n. 12.

proposed plaintiff class is a citizen of a state other than Louisiana. Therefore, this Court finds that removal was improper because the defendant failed to meet its burden of showing that minimal diversity existed at the time of removal. This Court further finds that jurisdictional discovery will not aid the court's evaluative process. Accordingly,

IT IS RECOMMENDED that the plaintiff's motion to remand (Rec. Doc. 11) should be granted, and this action should be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[37]

      Signed at Lafayette, Louisiana, this 21st day of January 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[37] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).