UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TAMAR RENEE DOZIER, Individually      CIVIL ACTION NO. 6:19-cv-01223
and on behalf of others similarly
situated

VERSUS                                JUDGE SUMMERHAYS

GOAUTO INSURANCE COMPANY              MAGISTRATE JUDGE HANNA

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This Court issued a report and recommendation (Rec. Doc. 19) finding that

jurisdictional discovery would not aid the court, finding that the court lacks subject-

matter jurisdiction over this lawsuit, and recommending that the plaintiff's motion

to remand (Rec. Doc. 11) should be granted.  The defendant objected to the report

and recommendation and offered additional evidence in support of its argument that

the court has subject-matter jurisdiction under the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1332(d).  (Rec. Doc. 21).  This supplemental report and

recommendation addresses the additional evidence and addresses in more detail the

plaintiff's alternative motion for jurisdictional discovery.

## Background

The plaintiff, Tamar Renee Dozier, filed suit against GoAuto Insurance

Company in state court, alleging that her vehicle was insured by GoAuto when it

was totaled in a crash and that GoAuto undervalued her vehicle when adjusting her

claim.  Ms. Dozier styled her suit as a class action, alleging that it was brought not only on her own behalf but also on behalf of others whose vehicles were also undervalued after being deemed total losses.  Ms. Dozier claimed that the valuation method used by GoAuto (referred to in the petition as the CCC One Market Valuation Report) breached the insurance contract and violated Louisiana law.

GoAuto removed the suit to federal court, alleging that the court has subject-matter jurisdiction under CAFA.  Ms. Dozier responded with the instant motion to remand or alternatively for jurisdictional discovery.

This Court analyzed the parties' argument and the evidence they presented and concluded that there was no evidence that any plaintiff was diverse in citizenship from the defendant and, consequently, that the defendant had not satisfied its burden of establishing minimal diversity.  This Court must now determine whether the additional evidence submitted by GoAuto along with its objection to the report and recommendation changes that conclusion.

## Law and Analysis

To establish CAFA jurisdiction, a removing defendant must prove minimal diversity,[1] which requires at least one plaintiff to be diverse in citizenship from at

---

[1]      28 U.S.C. § 1332(d).

least one defendant.[2]  There are exceptions to CAFA jurisdiction, but the potential

applicability of an exception to CAFA jurisdiction is considered only after the

removing defendant has established jurisdiction under CAFA.[3]  The removing party

bears the burden of showing that federal jurisdiction exists pursuant to CAFA.[4]

Therefore, remand is appropriate when the removing defendant fails to carry its

burden of showing minimal diversity.[5]

In this case, a single plaintiff and a single defendant were identified in the

petition.  The named plaintiff is a natural person, and the named defendant is a

corporation.

In the report and recommendation, this Court explained that it found GoAuto

to be a Louisiana citizen.  A corporation's citizenship is determined by its state of

incorporation and the state in which it has its principal place of business.[6]  In the

removal notice, GoAuto stated that it is "a corporation organized under the laws of

---

[2]      *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 569 (5th Cir. 2011)

[3]      *Preston v. Tenet Healthsystem Memorial Medical Center, Inc. (Preston II)*, 485 F.3d 804, 813 (5th Cir. 2007).

[4]      *Waxler Transp. Co., Inc. v. Valspar Corp*., No. 08-1363, 2008 WL 4936510, at *2 (E.D. La. Aug. 6, 2008); *Phillips v. Severn Trent Environmental Services, Inc*., No. 07-3889, 2007 WL 2757131, at *1 (E.D. La. Sept. 19, 2007).

[5]      See, e.g., *Behler v. East Jefferson Hospital Service District No. 2*, No. 12-1171, 2012 WL 13001034, at *4 (E.D. La. Aug. 20, 2012); *Rasberry v. Capitol County Mut. Fire. Ins. Co*., 609 F.Supp.2d 594, 603 (E.D. Tex. 2009); *Jenkins v. BOH Bros. Const. Co., LLC*, No. 08-3794, 2009 WL 3346953, at *2 (E.D. La. Oct. 13, 2009).

[6]      28 U.S.C. § 1332(c)(1).

Louisiana with its principal place of business in Baton Rouge, Louisiana."[7]

Accordingly, this Court found that GoAuto is a Louisiana citizen.

In the report and recommendation, this Court explained that it found Ms.

Dozier to be a Louisiana citizen.  The citizenship of a natural person is determined

by the state in which he is domiciled,[8] and domicile is a combination of both a

person's residence and his intent to remain there permanently.[9]  Therefore, "an

allegation that a party is a resident of a certain state is not a sufficient allegation of

his citizenship in that state."[10]  However, a person's place of residence is *prima facie*

proof of his domicile,[11] creating a presumption of citizenship.  Furthermore, once

domicile is established, it presumptively continues unless rebutted by evidence of

change.[12]  In her petition, Ms. Dozier alleged that she is a Louisiana resident.[13]

GoAuto presented no evidence refuting that allegation or suggesting that Ms. Dozier

---

[7]      Rec. Doc. 1 at 4.

[8]      *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571; *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[9]      *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571; *Preston v. Tenet Healthsystem Memorial Medical Center, Inc. (Preston I)*, 485 F.3d 793, 798 (5th Cir. 2007); *Coury v. Prot*, 85 F.3d at 250.

[10]     *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[11]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571; *Preston I*, 485 F.3d at 799.

[12]     *Preston I*, 485 F.3d at 797-98.

[13]     Rec. Doc. 1-1 at 2.

is not a Louisiana citizen.  Accordingly, this Court found that Ms. Dozier is a Louisiana domiciliary and citizen.

Because the two parties expressly named in the suit are citizens of Louisiana, GoAuto can establish minimal jurisdiction only if it can show that a member of the proposed plaintiff class is a citizen of a state other than Louisiana.

In support of its objection to the original report and recommendation, GoAuto submitted the supplemental declaration of Kerry Berry, its chief claims officer.  Ms. Berry stated that her review of GoAuto's claim files showed that, "between 2014 and 2019, GoAuto has adjusted total loss property damages claims for more than twenty-one Louisiana policyholders whose last known primary mailing address is out-of-state."[14]  GoAuto argued that, based on the decision rendered in *Coco v. Heck Industries, Inc.*,[15] the fact that at least twenty-one policyholders have mailing addresses in other states leads to the conclusion that at least one of those twenty-one persons is a Louisiana citizen.  GoAuto's argument is flawed for four reasons.

First, Ms. Berry did not provide any evidence that the CCC One Market Valuation Report was used in valuing the claims of the twenty-two people on the list attached to her supplemental declaration.  Therefore, GoAuto did not establish that

---

[14]     Rec. Doc. 21-1 at 2.

[15]     *Coco v. Heck Industries, Inc.*, No. 13-3059, 2014 WL 1029994 (W.D. La. Mar. 17, 2014).

any of the persons on the list actually qualify as members of the proposed plaintiff class.

Second, a person's mailing address does not automatically establish his or her citizenship. While a person's mailing address might be an indication of residence[16] or domicile,[17] it is insufficient when standing alone to establish domicile.[18]

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.[19]

---

[16]    *Wilson v. Samson Contour Energy E & P, L.L.C.*, No. 14-0109, 2014 WL 6909416, at *4 (W.D. La. Dec. 9, 2014).

[17]    *Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol North America, Inc.*, No. 2:11-CV-856, 2012 WL 262613, at *5 (W.D. La. Jan. 30, 2012), affirmed, 2012 WL 2254279 (W.D. La. Jun 14, 2012).

[18]    See, e.g., *Williams v. Bolotovsky*, No. 17-4445, 2017 WL 4640479, at *5 (E.D. La. Oct. 16, 2017).

[19]    *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). See, also, *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).

"[N]either residency alone nor a mailing address is the equivalence of citizenship."[20]

More particularly, the "attributes of a policyholder like mailing address or even residence are not dispositive of domicile."[21]

Evidence of the mailing addresses of members of a proposed class can support a finding of domicile when additional relevant evidence is also provided.  For example, when an affidavit was submitted showing that members of the proposed plaintiff class had mailing addresses in seventeen different states and the defendant also submitted evidence that three of those individuals held out-of-state driver's licenses, owned vehicles that were registered out of state, and actually resided out of state, the court found that the minimal diversity requirement was satisfied.[22]  In this case, however, GoAuto provided only the last known mailing address for twenty-two policyholders and nothing more.  Thus, GoAuto has failed to establish the domicile or citizenship of any of them.

Third, even if a person's mailing address did establish his or her citizenship, GoAuto presented no evidence that the twenty-two policyholders on the list attached

---

[20]    *Gatti v. Louisiana*, No. 10-329-JJB-DLD, 2011 WL 1827437, at *3 n. 9 (M.D. La. Feb. 25, 2011), report and recommendation adopted, 2011 WL 1827356 (M.D. La. May 12, 2011).

[21]    *Hollinger v. Home State County Mutual Insurance Company*, No. 5:09-CV-118, 2010 WL 11530632, at *4 (E.D. Tex. Aug. 5, 2010), affirmed, 654 F.3d 564 (5th Cir. 2011).

[22]    In *Brew v. University Healthcare System, LC*, No. 15-4569, 2015 WL 8259583, at *3 (E.D. La. Dec. 9, 2015),

7

to Ms. Berry's declaration was receiving their mail at the last known mailing addresses shown on the list attached to Ms. Berry's declaration at the time the suit was filed.  "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."[23] Under CAFA, citizenship must be analyzed as of the date the complaint was filed or when federal jurisdiction was first invoked.[24]   Therefore, jurisdictional facts supporting diversity of citizenship for the purposes of CAFA must be established as of the time the petition was filed or at the time of removal.

In this case, however, the mailing addresses supplied by Ms. Berry were twenty-two current or former GoAuto policyholders' last known mailing addresses. No information was provided stating that these were the policyholders' mailing addresses at any particular time.  While these might have been the policyholders' addresses at the time the policies were issued, the policyholders' mailing addresses might have changed at some point after the policies were issued.  But no information clarified the date on which the mailing addresses were provided to GoAuto or when GoAuto knew them to be accurate.  In fact, Ms. Berry stated that GoAuto "does not necessarily have up-to-date primary mailing addresses for" its customers,[25] and

---

[23]     *Coury v. Prot*, 85 F.3d at 249.

[24]     28 U.S.C. § 1332(d)(7).

[25]     Rec. Doc. 21-1 at 1.

GoAuto admitted this evidentiary deficit in its argument in support of its objections to the original report and recommendation.  There, GoAuto admitted that "[a]lthough GoAuto is in possession of. . . information as of the time of the purchase of the policies in question, that information cannot establish domicile or even residence at the time this suit was filed many years later."[26]  For this Court to find that these twenty-two policyholders were citizens of other states based on their mailing addresses, this Court would have to rely on their mailing addresses at the time the suit was filed or at the time of removal.  But no such information was provided.

Fourth, this Court declines to apply the same reasoning relied upon in the *Coco* case.  In *Coco*, the plaintiffs alleged that a concrete plant damaged them by disturbing the peaceful possession of their property with evening and early morning operations and by spewing dust and particulate matter that covered their property and caused medical problems.  The suit was brought on behalf of thirteen named plaintiffs and a proposed class of plaintiffs including the 929 residents of Moreauville, Louisiana and the residents of an additional area of Avoyelles Parish. The defendant company argued that twenty-one affected properties were owned by persons whose property tax bills were sent to out-of-state addresses.  The court found that "it is more probable than not that at least one of the 21 property owners with an

---

[26]     Rec. Doc. 21 at 22.

out of state address is, indeed, an out of state domiciliary.  We need not put aside

commonsense when applying CAFA to the facts of this case.  Therefore, the minimal

diversity required by CAFA is met."[27]  The court then went on to find that more than

two-thirds of the members of the proposed plaintiff class were Louisiana citizens,

applied the local controversy exception to CAFA, and concluded that the case should

be remanded to Louisiana state court.

The notion of making a common-sense presumption in calculating the

domicile of members of the plaintiff class in a CAFA lawsuit appears to have

originated with a district court ruling in which the court said:

> To rely on estimates from a study conducted in late 2005, when many
> south Louisiana residents were still in the midst of a forced evacuation,
> as an accurate representation of how many potential class members do
> not intend to return to their homes in Louisiana is an extrapolation that
> the Court is not willing to make, especially when the common-sense
> presumption is that these homeowners intended to return.  Although
> there well may be proposed classes where detailed proof of the two-
> thirds citizenship requirement is required, the Court finds that common
> sense should prevail in this closed-end class involving people who, as
> noted, hold an asset that is a measure of domicile, their home.
> Therefore, the Court finds that more than two-thirds of the members of
> the proposed class are Louisiana citizens.[28]

---

[27]      *Coco v. Heck Industries, Inc.*, 2014 WL 1029994, at *2.

[28]      *Caruso v. Allstate Ins. Co.*, 469 F.Supp.2d 364, 368 (E.D. La. 2007).  A similar result was reached in *Joseph v. Unitrin, Inc.*, No. 1:08-CV-077, 2008 WL 3822938, at *6 (E.D. Tex. Aug. 12, 2008).

Subsequently, the Fifth Circuit "acknowledged that where a proposed class is discrete in nature, a common sense presumption should be utilized in determining whether citizenship requirements have been met."[29]  The court then concluded that evidence of registering and insuring a motor vehicle in Texas was evidence of the intent to remain in Texas sufficient to support an exception to CAFA jurisdiction.[30] However, this Court did not locate a Fifth Circuit decision in which a "common sense presumption" was used as a basis for finding minimal diversity.  And the Fifth Circuit has found that billing addresses do not establish domicile for purposes of an exception to CAFA jurisdiction.[31]  Therefore, this Court will not follow *Coco* and conclude that one or more of the GoAuto policyholders having a mailing address outside of Louisiana is domiciled in another state.  To do so would substitute speculation by this Court for the requirement that the defendant must satisfy its burden, which is a leap this Court declines to make.

This case is also significantly different from *Coco* and the cited cases that used common sense presumptions to find that an exception to CAFA jurisdiction existed. Here, there is insufficient information about the members of the proposed class to reach a conclusion regarding what proportion of them are Louisiana citizens.  Even

---

[29]     *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d at 573.

[30]     *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d at 574.

[31]     *Preston I*, 485 F.3d at 800-02.

with the additional evidence submitted by GoAuto, this Court can conclude only that

the sole named plaintiff is a Louisiana citizen, the sole named defendant is a

Louisiana citizen, and GoAuto failed to establish the citizenship of the twenty-two

policyholders listed on the exhibit attached to Ms. Berry's supplemental declaration.

A "defendant cannot establish removal jurisdiction by mere speculation and parties

can neither concede that it exists nor proselytize beliefs which, if true, would support

its exercise."[32]  Instead, a removing defendant like GoAuto must bear the burden of

showing that federal jurisdiction exists.[33]  In this case, however, GoAuto has not

satisfied that burden, and this Court cannot conclude, on the basis of last known

mailing addresses and nothing more, that any person on the list is, more likely than

not, a citizen of a state other than Louisiana.

To satisfy its burden of establishing minimal diversity, GoAuto is required to

show that at least one plaintiff class member is diverse in citizenship from any

defendant.[34]  GoAuto has not satisfied that burden.  Therefore, the additional

evidence submitted by GoAuto along with its objections to the original report and

---

[32]    *Guidry v. Dow Chemical Company*, No., 19-12233, 2019 WL 4509490, at *10 (E.D. La. Sept. 19, 2019).

[33]    *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[34]    28 U.S.C. § 1332(d)(2)(A).

recommendation did not alter this Court's recommendation that this matter should be remanded for lack of subject-matter jurisdiction.

## Jurisdictional Discovery

"In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[35]  Jurisdictional discovery may be permitted in CAFA cases with regard to narrow factual questions of citizenship.[36]  In this case, the plaintiffs alternatively seek jurisdictional discovery regarding the members of the proposed class (all of whom are GoAuto policyholders) in order to gather information relevant to the issue of the policyholders' citizenship and whether the policyholders are diverse in citizenship from GoAuto.  In the original report and recommendation, this Court stated that "jurisdictional discovery will not assist the parties or this Court in determining whether there was minimal diversity at the time of removal since the only parties to the suit at that time – Ms. Dozier and GoAuto – are not diverse."[37]

---

[35]     *Coury v. Prot*, 85 F.3d at 249.

[36]     *Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc*., 367 F.Supp.3d 555, 563 (E.D. La. 2019) (citing *Coleman v. Estes Express Lines, Inc*., 631 F.3d 1010, 1017 (9th Cir. 2011) in the absence of Fifth Circuit jurisprudence on point).  See, also, e.g., *Stewart v. Ruston Louisiana Hosp. Co., LLC*, No. 14-0083, 2014 WL 2574508, at *2 (W.D. La. June 9, 2014) ("the Court finds that limited jurisdictional discovery is required in order to determine whether the Court has jurisdiction, particularly in regard to the local controversy exception's citizenship requirement.").

[37]     Rec. Doc. 19 at 13.

This Court now further finds that jurisdictional discovery will not assist the parties or the Court in determining whether the potential class members other than Ms. Dozier are diverse in citizenship from GoAuto.

As noted previously, diversity of citizenship must be established as of the time the suit was filed or removed.  GoAuto admitted in its briefing that it possesses information regarding its policyholders, such as their identities, addresses, driver's license numbers, and the state of issuance of their driver's license numbers, which was gathered at the time the policies were issued.[38]  But GoAuto represented that it has no such information regarding its policyholders that can be correlated to the time the suit was filed.[39]  Furthermore, GoAuto stated in its briefing that, while it had addresses for its policyholders at the time the policies were issued, it has no information concerning whether its policyholders had the intent to remain permanently at those addresses.[40]  As previously explained, an individual's citizenship is the same as his or her domicile, and a person's domicile requires evidence of both residence and an intent to remain at that residence indefinitely. Because "CAFA does not permit the courts to make a citizenship determination based on a record bare of any evidence showing class members' intent to be

---

[38]     Rec. Doc. 21 at 22.

[39]     Rec. Doc. 21 at 22.

[40]     Rec. Doc. 21 at 22.

domiciled in" a particular state,[41] GoAuto argued that it has insufficient information

concerning its policyholders to establish their domicile.   While this argument is

contrary to GoAuto's argument that its policyholders last known mailing addresses

should be sufficient to establish their domicile, nothing has been presented in an

effort to refute it.   GoAuto certainly has greater access to factual information

concerning its policyholders than the plaintiff does.   But if that information cannot

be tied to the date of the filing of the plaintiff's petition or the date of removal and

if that information cannot establish the intent prong of the domicile analysis,

ordering the plaintiff to propound jurisdictional discovery to collect that information

would be nothing more than a waste of time and effort and would not assist the court

in evaluating the citizenship of the proposed class members.

GoAuto's contentions regarding the information it maintains with regard to

current and former policyholders were not set forth in an affidavit or declaration, but

those contentions were made by counsel in pleadings filed with the court.  Assuming

those representations to be true, this Court must conclude that GoAuto has no factual

information from its policyholders that would shed light on where those individuals

were domiciled at the time the suit was filed or at the time the suit was removed.

Similarly, this Court must conclude that GoAuto has no factual information from its

---

[41]      *Preston I*, 485 F.3d at 802.

policyholders that would shed light on whether they had the intent to remain in any particular state at those times.  Therefore, any jurisdictional discovery would be futile.  This Court therefore recommends that the plaintiff's alternative motion for jurisdictional discovery should be denied.

## Conclusion

The new evidence submitted by GoAuto along with its objections to this Court's original report and recommendation failed to establish that any member of the proposed plaintiff class is a citizen of a state other than Louisiana.  Therefore, this Court finds that the Court lacks subject-matter jurisdiction because the defendant failed to meet its burden of establishing minimal diversity.  This Court further finds that jurisdictional discovery will not aid the court's evaluative process. Accordingly,

IT IS RECOMMENDED that the plaintiff's motion to remand (Rec. Doc. 11) should be granted, the plaintiff's alternative motion for jurisdictional discovery should be denied (Rec. Doc. 11), and this action should be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[42]

Signed at Lafayette, Louisiana, this 24th day of June 2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[42]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).