UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TAMAR RENEE DOZIER** | **CASE NO.  6:19-CV-01223** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **GOAUTO INSURANCE CO** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM RULING

Presently before the Court is the Plaintiff's Motion to Remand and Associated Request, in the Alternative, for Jurisdictional Discovery [ECF No. 11]. Magistrate Judge Hanna issued his Report and Recommendation [ECF No. 19] on January 21, 2020 and subsequently issued a Supplemental Report and Recommendation [ECF No. 26] recommending that the Motion to Remand be granted. Defendant has filed an objection to that recommendation.

### I.
### BACKGROUND

Plaintiff alleges that, on August 3, 2018, she was in an automobile accident.[1] At the time, she had an automobile insurance policy issued by GoAuto providing for collision coverage.[2] Following the accident, GoAuto adjusted her claim based on a valuation report from CCC One Market, an electronic database.[3] The parties negotiated and, on November 23, 2018, GoAuto issued, and Plaintiff accepted, a check in settlement of her property damage claim and signed a transfer of title to her car.[4] Ms. Dozier alleges that GoAuto's use of CCC's valuation reports resulted in her receiving $8,756, when the NADA valuation report for a "clean retail" car would have yielded a

---

[1] Document 1, Petition.
[2] *Id.*
[3] *Id.*
[4] *Id.*

1

value of $10,325.[5] On August 12, 2019, Plaintiff filed this lawsuit, claiming that the valuation method used by GoAuto does not comply with the terms of her policy or state insurance regulations.[6] She asserts two claims: (1) Breach of Contract and Bad Faith; and (2) Violation of Louisiana Insurance Law. She sought to assert claims on her own behalf, and on behalf of a class that she defined as:

> [A]ll past and present Goauto Insurance Company policyholders who have made claims against their policy for the total loss of a vehicle and had those claims undervalued through the use of the CCC One Market Valuation Report system and/or unfair valuation tools used by Goauto Insurance Company.

On September 18, 2019, Defendant filed a notice removing Plaintiff's suit under the Class Action Fairness Act ("CAFA"), 18 U.S.C. § 1332(d). The Plaintiff then filed a motion to remand. Plaintiff argues that Defendant failed to establish both minimal diversity and the jurisdictional amount required under CAFA, and also asserts that, even if Defendant could establish minimal diversity and the jurisdictional amount, the Home State and Local Controversy exceptions to CAFA would warrant remand.

In the Report and Recommendation, as well as the Supplemental Report and Recommendation, the Magistrate Judge concluded that Defendant had failed to establish minimal diversity jurisdiction, which required remand. In the objection to the Report and Recommendation, and again in the objection to the Supplemental Report and Recommendation, Defendant submitted additional evidence to support a finding of minimal diversity.

---

[5] *Id.*

[6] Those regulations require that a claim for total loss be adjusted using one of three methods, including: (a) "A fair market value survey conducted using qualified retail automobile dealers in the local market area as resources," (b) "The retail cost as determined from a generally recognized used motor vehicle industry source; such as, an electronic database, if the valuation documents generated by the database are provided to the first-party claimant, or a guidebook that is available to the general public," or (c) "A qualified expert appraiser selected and agreed upon by the insured and insurer." La. R.S. § 22:1892(B)(5).

## II.
### LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction.[7] Thus, a suit is presumed to be outside a federal court's jurisdiction until the party invoking federal court jurisdiction establishes otherwise.[8] The removal statute must be strictly construed.[9] The burden of establishing federal court jurisdiction rests on the party invoking federal jurisdiction.[10] Accordingly, in the present case, Defendant bears that burden.

CAFA was enacted to encourage federal court jurisdiction over interstate class action lawsuits of national interest.[11] CAFA provided an expansion of federal jurisdiction over interstate class action lawsuits[12] by granting federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; (3) the amount in controversy exceeds $5 million; and (4) the primary defendants are not states, state officials, or other governmental entities.[13]

In order to establish jurisdiction under CAFA, a removing defendant must prove minimal diversity.[14] Minimal diversity is met when one plaintiff is diverse from one defendant.[15] There are three exceptions to CAFA jurisdiction; namely, the local controversy exception,[16] the home state

---

[7] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[8] *Id.*
[9] *Manguno v. Prudential Property & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988).
[10] *Clayton v. ConocoPhillips Co.,* 722 F.3d 279, 290 (5th Cir. 2013)
[11] *Preston v. Tenet Healthsystem Memorial Medical Center, Inc. ("Preston I"),* 485 F.3d 793, 797 (5th Cir. 2007).
[12] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011)
[13] 28 U.S.C. § 1332(d)(2) 28 U.S.C. § 1332(d)(5).
[14] 28 U.S.C. § 1332(d).
[15] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 594 n. 12 (2005) (noting that for minimal diversity under CAFA, "one plaintiff's diversity from one defendant suffices" to establish minimal diversity).
[16] 28 U.S.C. § 1332(d)(4)(A).

3

exception,[17] and the discretionary exception.[18] The local controversy and home state exceptions are mandatory, and are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state."[19] CAFA was designed to exclude only a narrow category of localized controversies, and the exceptions provide a statutory basis for courts to identify those controversies that are linked to particular localities.[20]

Under CAFA, a party seeking remand on the basis of one of the exceptions bears the burden of proving the existence of an exception by a preponderance of the evidence.[21] "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."[22] Accordingly, only after the removing defendant has established jurisdiction under CAFA does the burden shift to the party seeking remand to prove by a preponderance of the evidence that an exception to CAFA jurisdiction applies.[23]

In cases involving CAFA, the district court "has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction."[24] The sufficiency of the jurisdictional evidence must be evaluated on a case-by-case basis.[25]

In the Report and Recommendation, the Magistrate Judge concluded that Defendant had failed to carry the burden of establishing minimal diversity as the only current parties to the lawsuit

---

[17] 28 U.S.C. § 1332(d)(4)(B).
[18] *Preston v. Tenet Healthsytem Memorial Medical Center, Inc. ("Preston II"),* 485 F.3d 804, 810-11 (7th Cir. 2007).
[19] *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d at 570 (quoting *Hart v. FedEx Ground Package Sys., Inc.,* 457 F.3d 675, 682 (7th Cir. 2006)).
[20] *Id.*
[21] *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.,* 760 F.3d 405, 409 n. 3 (5th Cir. 2014)
[22] *Joseph v. Unitrin, Inc.,* No. 1:08-CV-077, 2008 WL 3822938, at *4 (E.D. Tex. Aug. 12, 2008) (quoting *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 n. 3 (11th Cir. 2006)).
[23] *Preston II,* 485 F.3d at 813 ("once federal jurisdiction has been established under [CAFA], the objecting party bears the burden of proof as to the applicability of any express statutory exception. . . ." (quoting *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1024 (9th Cir. 2007)).
[24] *Preston II,* 485 F.3d at 817 (quoting *Coury v. Prot,* 85 F.3d at 249).
[25] *Preston I,* 485 F.3d at 801.

4

are not diverse: Plaintiff, a Louisiana resident, and Defendant, a corporation organized under the laws of the state of Louisiana with its principal place of business in Louisiana, thus making it a Louisiana citizen for purposes of determining diversity jurisdiction. Defendant objected arguing that the Magistrate Judge failed to properly consider the reasoning in the Western District of Louisiana case of *Coco v. Heck.*[26] Defendant also filed additional evidence purporting to establish that there was at least one potential class member who would be a citizen of a state other than Louisiana. The Magistrate Judge's Supplemental Report and Recommendation addressed the objection and concluded that the additional evidence was insufficient to establish minimal diversity; the Magistrate Judge also declined to adopt the reasoning in the *Coco v. Heck* case. Defendant then filed an additional objection and filed additional evidence to support its argument that minimal diversity exists.

In *Coco v. Heck*, the plaintiffs alleged that a concrete plant damaged them by disturbing the peaceful possession of their property with evening and early morning operations and by spewing dust and particulate matter that covered their property and caused them to suffer medical problems.[27] The suit was brought on behalf of thirteen named plaintiffs and a proposed class of plaintiffs including the 929 residents of Moreauville, Louisiana and the residents of an additional area of Avoyelles Parish. The defendant claimed that twenty-one affected properties were owned by persons whose property tax bills were sent to out-of-state addresses. The court found that "it is more probable than not that at least one of the 21 property owners with an out of state address is, indeed, an out of state domiciliary. We need not put aside commonsense when applying CAFA to the facts of this case. Therefore, the minimal diversity required by CAFA is met."[28] The court further found that

---

[26] *Coco v. Heck Industries, Inc.,* 2014 WL 1029994.
[27] *Id.*
[28] *Id.* at *2

more than two-thirds of the members of the proposed plaintiff class were Louisiana citizens, applied the local controversy exception to CAFA, and concluded that the case should be remanded to Louisiana state court.[29]

The Magistrate Judge examined the origin of the "common sense presumption" employed by the court in *Coco v. Heck* and concluded that the presumption in cases prior to *Coco v. Heck* was applied to CAFA exceptions, and was not used in determining minimal diversity.[30] The Magistrate Judge was unwilling to employ the common sense presumption to the issue of determining minimal diversity. This Court agrees. While the common sense presumption has merit when a court is considering the applicability of the CAFA exceptions and must determine the citizenship of hundreds of potential plaintiffs and whether the two-thirds requirement has been met, there is no basis or authority to do so when addressing minimal diversity. The Magistrate Judge went on to conclude that the information submitted by Defendant in its objection to the Report and Recommendation was insufficient to establish minimal diversity.

Defendant has now submitted additional evidence specifically structured to satisfy the deficiencies noted by the Magistrate Judge in the Supplemental Report and Recommendation. Specifically, Defendant has submitted evidence to demonstrate that more than twenty putative class members whose total loss claims were based on the CCC One Market Valuation Report provided last known addresses prior to the filing of the Petition that were out of state. Several of the putative class members have out-of-state driver's licenses or vehicle registrations, further supporting their status as citizens of other states. This evidence should not have been submitted piecemeal so late in the briefing process and its submission in this manner has unnecessarily protracted a ruling on the

---

[29] *Id.*

[30] *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 573; *Caruso v. Allstate Ins. Co.*, 469 F.Supp.2d 364, 368 (E.D. La. 2007); *Joseph v. Unitrin, Inc.*, No. 1:08-CV-077, 2008 WL 3822938, at *6 (E.D. Tex. Aug. 12, 2008).

motion to remand; nevertheless, the Court has discretion to determine what evidence to use in making its determination of jurisdiction.[31] The Court has reviewed the evidence submitted by Defendant and finds that it establishes by a preponderance of the evidence that at least eight putative class members are citizens of states other than Louisiana. The Court finds that it would not be appropriate to ignore evidence in the record that establishes minimal diversity. The Court, therefore, finds that Defendant has satisfied its burden of establishing minimal diversity for purposes of CAFA jurisdiction.

The Court must now turn to the exceptions to CAFA raised by Plaintiff. The home state exception requires a federal court to decline subject matter jurisdiction when two-thirds or more of the members of the plaintiff class, in the aggregate, and the primary defendant are citizens of the state in which the action was originally filed.[32] The local controversy exception requires a showing that (1) more than two-thirds of the putative class members from the state; (2) at least one defendant citizen of the state where the action was filed; (3) the local defendant's conduct forms a significant basis for the claims; (4) significant relief is sought from the local defendant; (5) principal injuries occurred in the state where the action was filed; and (6) no other class action was filed in the preceding three years.[33] Each exception requires evidence that at least two-thirds of potential members of the class are Louisiana citizens. Plaintiff has not submitted sufficient evidence to sustain her burden of establishing the elements of the local controversy and home state exceptions to CAFA but has requested the opportunity to conduct limited jurisdictional discovery on this issue. This request is reasonable. The evidence necessary to establish those exceptions is most likely in Defendant's possession and Plaintiff would not have access to this information absent discovery.

---

[31] *Preston II*, 485 F.3d at 817.
[32] 28 U.S.C. § 1332(d)(4)(B).
[33] 28 U.S.C. § 1332(d)(4)(C).

Accordingly, the Court will defer ruling on the Motion to Remand and will grant the Plaintiff's Motion for Jurisdictional Discovery.

The parties are directed to confer on a schedule for jurisdictional discovery and within fourteen (14) days, shall either submit a proposed scheduling order to the Court or shall advise the Court that they are unable to reach a mutually agreeable schedule. The Court will remove the Motion to Remand, as well as the Motion to Dismiss Petition and Motion to Stay[34] from the docket pending the completion of the jurisdictional discovery.

Accordingly, the Court ADOPTS the Report and Recommendation and the Supplemental Report and Recommendation IN PART. The Motion for Jurisdictional Discovery [ECF No. 11] is GRANTED; the Motion to Remand [ECF No. 11] and the Motion to Dismiss Petition, Motion to Stay [ECF No. 7] are removed from the Court's docket pending completion of jurisdictional discovery.

THUS DONE in Chambers on this _____24th_____ day of September, 2020.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[34] The Court will defer ruling on the Motion to Dismiss until a ruling on the Motion to Remand is entered.